## Case No. 7,512.

### In re JORDAN et al.

[19 Int. Rev. Rec. 20.]

District Court, D. Massachusetts. 1873.

B. F. Brooks and F. W. Hurd, for petitioners.

G. P. Sanger and E. L. Barney, for the government.

LOWELL, District Judge. The act of March 2, 1867, § 2, requires the district judge, whenever it shall be made to appear to his satisfaction, by complaint and affidavit, that any fraud on the revenue has been committed, in the importation or entry of merchandise at any port within his district, to issue his warrant requiring the marshal, by himself or deputy, to enter any place or premises where any invoices, books, or papers are deposited relating to the merchandise in respect to which such fraud is alleged to have been committed, and to take possession of such books or papers and produce them before said judge; and any invoices, books, or papers so seized shall be subject to the order of said judge, who shall allow the examination of the same by the collector of customs of the port into which the alleged fraudulent importations have been made, or by any officer duly authorized by said collector. And such invoices, books, or papers may be retained by said judge as long as in his opinion the retention thereof may be necessary. But no warrant shall be issued unless the complainant shall set forth the character of the fraud alleged, the nature of the same, and the importation in respect to which it was committed, and the papers to be seized. This act having been pronounced constitutional by the circuit court for this circuit, I have endeavored to enforce it in accordance with what I consider its true intent. Stockwell v. U. S.

[Case No. 13,466]. I require that the evidence shall be such as to satisfy the mind of a reasonable person that one or more specified frauds have actually been committed in the importation or entry of merchandise into some port within this district. When this is established by an affidavit which shows sufficient grounds for the belief of the affiant, I consider it my duty to issue my warrant. I have heretofore ruled (and that ruling is for the purposes of this case admitted by the defendants to be sound) that from the nature of the case it is impossible that the papers to be seized should be so specified that the marshal can identify them without examining their contents. For this reason the warrant in this case, as in others, identifies the papers by a reference to the particular importations mentioned in the complaint and recapitulated in the warrant. It follows that the marshal must usually make inspection of papers not called for before he can be sure that he has obtained those which he may properly bring before the judge. The objection now taken is that in making what is admitted to be a necessary separation between the papers which ought to be taken and those which there is no right to take, the marshal or the court ought not to employ the very officers who, by the statute, are to examine the papers after they are duly seized and returned. I consider this objection to be well taken. It is the intent of the statute that only those papers should be examined by the collector, or other officers of the revenue, acting under him, which may lawfully be taken, and those are only such as relate to the specified importations. The separation, which, in a case of this kind, it is admitted somebody has a right to make, ought to be made before the examination by the revenue officers begins. In this case the marshal acted in good faith and without objection, and, indeed, with the acquiescence of the defendants, in taking certain books and papers and bringing them into court before the separation was completed. As the marshal had appointed for his deputies the very same gentlemen who were appointed by the collector to examine the papers, it was of no particular consequence to the defendants in which capacity they acted in separating the papers. The marshal then made return that he had brought certain papers before the judge, and the usual order was passed that they be examined by the designated officers. The defendants then applied for permission to be present at the examination, and the court granted leave for them to attend by counsel while the separation was going on. This work has been begun and is not very far from completion. If this were an ordinary case, in which the course of proceeding was well understood, I should probably consider that the defendants were estopped at this late period, after so much had been done with their consent, to object to the

matter being finished as it was begun. But these cases being rare and without any very well settled course of practice, I ought not to hold any very rigid rule in respect to laches. It has now occurred to the defendants that the officers of the revenue are interested parties, and that if they are permitted to inspect whatever papers the marshal has taken, though he may have taken them by consent, information may be obtained concerning matters not specified either in the complaint or in the warrant, and thus the safeguards of the statute be practically lost to the defendants. It is argued on behalf of the government that the statute requires me to permit examination by the revenue officers of whatever papers the marshal may return as having been taken under his warrant. This is literally so; but the statute also requires that the marshal should take only specified papers, and I think it entirely clear that all the papers are subject to the order of the court, and if it is suggested to the judge that there are papers brought into court which the warrant does not call for, it is his duty in some mode to ascertain whether.the fact is so, and if it be so, to return to the defendants all such papers. It is further argued that no harm has been done as yet, and none is likely to occur if the examination proceeds as before. This I am happy to believe is true. We are fortunate in having officers upon whose integrity no imputation has ever been cast. But the rights of the defendants do not depend upon the character of the officers, and it is the duty of the court to ascertain the papers which the revenue officers may inspect before that inspection is permitted. It is said I once ruled that I could not interfere with the marshal in the execution of such a warrant. I think I did so rule in general terms. But if the question were to be raised, which it never yet has been, whether I could not veto the appointment of revenue officers as deputies to the marshal, in a case of this kind, it might, perhaps, be found that such a power is expressly conferred on the district judge by the judiciary act of 1789. As the task of separation is a somewhat delicate one, and .that no imputation may seem to rest upon the persons who have examined the books and papers thus far, I will myself finish the work in the presence of counsel on both sides, or at. least attempt to do so.